UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Kerr,                                              Case No.  3:20-cv-01110

            Plaintiff

v.                                                        MEMORANDUM OPINION
                                               AND ORDER

Judge John Collier,

            Defendant

### BACKGROUND AND HISTORY

*Pro se* Plaintiff Jeremy Kerr filed this action under 42 U.S.C. § 1983 against Henry County

Common Pleas Court Judge John Collier.  In the Complaint, Plaintiff alleges that in 2013, Judge

Collier improperly granted a motion that allowed the opposition in litigation to collect a judgment

from Plaintiff's interest in limited liability companies.   He seeks declaratory judgment stating that

the Order violated his right to due process and is void.

Plaintiff alleges that in 2010, Kerr Buildings, Inc. contracted with Scott Bishop to construct a

steel building.  A contract dispute arose between the parties and Kerr Buildings, Inc. filed a lawsuit

against Bishop in the Henry County Court of Common Pleas in 2011.  Bishop filed a counterclaim

against Kerr Buildings.  The case was assigned to Judge John Collier.  Kerr Buildings ceased to exist

prior to the trial and did not prosecute the case against Bishop.  Bishop proceeded with his

counterclaim and in October 2012 obtained a judgment against Kerr Buildings and Plaintiff individually in the amount of $79,648.00.

Plaintiff had interests in two limited liability companies. In an attempt to satisfy a portion of the judgment, Bishop filed a Motion for a Charging Order which would allow him to attach distribution of profits from those companies to which Plaintiff was entitled. Plaintiff contends that Judge Collier granted that Motion without giving him an opportunity to present objections. He asserts this violated his right to due process. He seeks declaratory judgment from me stating Judge Collier violated his constitutional rights and that the Charging Order is void.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers

2

legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard.  *Id.*  In reviewing a Complaint, I must construe the pleading in the light most

favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### ANALYSIS

As an initial matter, I cannot review an Order issued in a state court civil action and declare

it to be void.  United States District Courts do not have jurisdiction to overturn state court decisions

even if the request to reverse the state court judgment is based on an allegation that the state court's

action was unconstitutional.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

Federal appellate review of state court judgments can only occur in the United States Supreme

Court, by appeal, or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the

Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in

substance would be appellate review of the state judgment in a United States District Court based on

the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688

F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions

interpreting 28 U.S.C. § 1257(a).[1]  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103

---

[1]      28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in
> which a decision could be had, may be reviewed by the Supreme
> Court by writ of certiorari where the validity of a treaty or statute of
> the United States is drawn in question or where the validity of a
> statute of any State is drawn in question on the ground of its being
> repugnant to the Constitution, treaties, or laws of the United States,
> or where any title, right, privilege, or immunity is specially set up or
> claimed under the Constitution or the treaties or statutes of, or any
> commission held or authority exercised under, the United States.

S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.

362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by

requiring litigants seeking review of that judgment to file a writ of certiorari with the United States

Supreme Court.  The Rooker-Feldman doctrine is based on the negative inference that, if appellate

court review of state judgments is vested in the United States Supreme Court, then such review may

not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga*

*County Dep't of Children and Family Services*,  606 F.3d 301, 308-11 (6th Cir. 2010); *Lawrence v. Welch*, 531

F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application.  It does not bar federal jurisdiction

"simply because a party attempts to litigate in federal court a matter previously litigated in state

court."  *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99.  It also does not address

potential conflicts between federal and state court orders, which fall within the parameters of the

doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299.

Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in

state court initiates an action in federal district court complaining of injury caused by a state court

judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*,

551 F.3d 542, 548 (6th Cir.2009).  To determine whether Rooker-Feldman bars a claim, the Court

must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v.*

*Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310.  If

the source of the plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman

doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury,

such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531

4

F.3d at 368-69.  In conducting this inquiry, the court should also consider the Plaintiff's requested relief.  *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, Plaintiff challenges Judge Collier's Order and asks me to declare it to be void.  I cannot review that Order nor can I overturn it.  I lack jurisdiction to grant the requested relief.

Furthermore, even if I could entertain this action, it would be time-barred.  The Order in question was issued in 2013.  Ohio's two-year statute of limitations for bodily injury applies to § 1983 claims.  *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995).  The actions alleged in the Complaint took place between 1985 and 2000.  This action was filed on March 18, 2004, well beyond the expiration of the two-year statute of limitations period.  There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred.  *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two-year statute of limitations for bringing such an action had expired.)

### CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude Plaintiff has fail to state a claim upon which relief may be granted.  Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5