UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Kerr,   Case No. 3:20-cv-01110

    Plaintiff

v.   MEMORANDUM OPINION
AND ORDER

Judge John Collier,

    Defendant

**BACKGROUND AND HISTORY**

Before me is Plaintiff's *pro se* Motion to Alter or Amend Judgment under Federal Civil Procedure Rule 59(e). Plaintiff Jeremy Kerr filed this action under 42 U.S.C. § 1983 against Henry County Common Pleas Court Judge John Collier, claiming that in 2013, the judge improperly granted the opposing party's Charging Order allowing that party to collect their judgment from Plaintiff's interest in limited liability companies. He asked me to declare that the Charging Order violated his right to due process and is void, along with all other proceedings and Orders that happened or were issued after that date. I dismissed the Complaint on two grounds. First, I concluded that the Rooker-Feldman Doctrine prohibits me from overturning a state court judgment or Order. I cannot void the state court's Charging Order and nullify all other proceedings and Orders that occurred after that date.[1] Second, I concluded the action was filed well beyond the two-

---

[1] The state court proceedings continued until 2018, and included appeals, the appointment of a receiver, and other collections actions.

year statute of limitations period for § 1983 actions. Plaintiff seeks to reinstate his case to my active docket claiming the Rooker-Feldman Doctrine does not apply to due process claims and contending that the statute of limitations does not apply because the judgment should be declared to be void.

"A district court may grant a Rule 59(e) Motion to Alter or Amend Judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues ... and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

Plaintiff asserts that my Opinion contained two clear errors of law. First, citing *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998), he argues that because he asserted a claim for denial of due process, the Rooker-Feldman Doctrine does not apply. Second, he contends that because the judgment in question should be considered void, the two-year statute of limitations does not apply to his challenge.

As an initial matter, *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998) was overruled by *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). The focus is no longer on whether the federal claim is "inextricably intertwined" with the state court judgment. *Catz*, 142 F.3d at 293. Instead, the

inquiry is on whether the source of Plaintiff's injury is the state court judgment itself and whether Plaintiff is asking me to review that judgment and overturn or void it. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Berry v. Schmitt,* 688 F.3d 290, 298-99 (6th Cir. 2012).  In this case, that is exactly what Plaintiff is asking me to do.  He is challenging a Charging Order issued in 2013 by a state court judge to allow the opposing party to collect on a judgment that previously had been issued.  Plaintiff asks me to void not only the Charging Order but asks me to void all subsequent Orders issued in that case and nullify all subsequent proceedings.  It is impossible for me to take those actions without exercising what is in substance appellate review of the state court proceedings.  I cannot void or vacate judgments issued by the state court in a state civil case.  *Hall v. Callahan*, 727 F.3d 450, 453-55 (6th Cir. 2013).  Moreover, his argument that he is challenging the Order on procedural grounds is unavailing.  If I construe Rooker-Feldman to allow attacks on a state court's alleged procedural errors, then federal courts could extensively review state court trial proceedings, a task belonging to state appellate courts.  *Id.*

   Furthermore, Plaintiff could and should have raised his concerns to the Ohio Appellate Courts in 2013.  Instead, he tried to attack that Order seven years later through a civil rights action under 42 U.S.C. § 1983.  The statute of limitations for filing any claim under § 1983 is two years.

   Plaintiff cites a staff note in the Ohio Rule of Civil Procedure to say that a void judgment is not subject to statute of limitations issues.  A broader reading of that reference provides context for that statement.  The commentators noted that unlike Federal Civil Procedure Rule 60(b), the Ohio Rule does not provide a basis for relief from judgment for a void (as opposed to voidable) judgment.  The rationale for this exclusion was that such a provision was unnecessary because a truly void judgment, one entered without subject matter jurisdiction or personal jurisdiction of the Defendant, can be declared to be void by any Ohio court without regard to the statute of limitations in question in that action.  There are several problems with Plaintiff's application of that staff note here.  First,

the Charging Order was entered in a case in which neither the state court's subject matter jurisdiction over the case nor the personal jurisdiction over the parties was an issue.  Under Ohio law, that would not make the Charging Order void, but rather voidable at best.  No Ohio court declared the Charging Order to be void and as stated above, I am barred by the Rooker-Feldman Doctrine from doing so.  The claim brought to this federal court under 42 U.S.C. § 1983 is one involving an active and still valid state court Order.  Second, Ohio Civil Procedure Rule 60(b) has no effect on the two-year statute of limitations for bringing claims in federal court under 42 U.S.C. § 1983.  The Charging Order in question was issued in 2013.  Even if Plaintiff could get past the bar of Rooker-Feldman, the statute of limitation for bringing an action under 42 U.S.C. § 1983 expired in 2015.

## Conclusion

Therefore, Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) (Doc. No. 7) is denied.  His Request for an Order (Doc. No. 8) is denied as moot.  I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge